## William W. Hilton v. Joseph Santelman.

### Gen. No 4,714.

1. LEADING QUESTIONS—*how objections to, should be made.* Objections to questions as leading should be specifically made in the trial court; otherwise they cannot be complained of on appeal.

Action of assumpsit. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

A. C. NORTON and R. B. CAMPBELL, for appellant.

ARTHUR H. SHAY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellee brought this suit against appellant for drilling two wells and for other items of account, and filed the common counts, with a bill of particulars, amounting to $617.17. Appellant filed the general issue, with a plea of set-off and a bill of particulars amounting to $223.78. The jury found for appellee, and assessed his damages at $300. A motion for a new trial was entered, and being overruled, judgment was rendered on the verdict.

The principal contention is over the drilling of the wells, appellant claiming that while four attempts to drill wells were made, the second and fourth of which produced plenty of water, yet he should only pay for one, for which he says the agreed price was to be $150, while appellee claims he is entitled to an agreed price of $300 for the second well and $250 for the fourth. Appellee testified the contract price was $250 for a three-inch well, and $300 for a four-inch well, appellant to furnish coal, board and water, and that he, appellee, guaranteed water or no pay; that he drilled and completed a four-inch well, 187 feet deep, that furnished

plenty of water, but it had a mineral taste; that appellant, not being satisfied with the water, wanted a second well 200 to 250 feet distant from the first, and that he thereupon drilled and completed a three-inch well 178 feet deep that furnished plenty of water, and that appellant never claimed there was any agreement as to the quality of the water. The first and third holes were not completed because of losing the drills in them.

Appellant testified that appellee said he would put the well ''clear down in the rock, plenty of good water, pump and all complete for $150;'' that the first well completed furnished plenty of water, but there was sand in it, and that the second well was all right. There was evidence of statements made by appellant that he was to pay $250 for a well. There were also items for labor in threshing, husking corn and butchering claimed by appellee, and cash items, upon which evidence was heard. While appellant insists that the judgment is excessive, he does not furnish any statement of what he claims should be allowed or disallowed. It was a contested question whether the first well was a compliance with the contract, and whether certain items on either side were gratuitous or an exchange of services. The evidence was voluminous upon the different items, and we ought not to disturb the conclusion of the jury upon this conflicting testimony.

Complaint is made of a number of adverse rulings of the trial court upon the admission and rejection of evidence. Most of these objections are simply referred to by the page of the record or abstract, but a few have been particularly called to our attention. All of these objections were general objections, and in arguing them in this court an objection is made for the first time that the questions were leading and suggestive. A general objection to a question will not reach the objection of its being leading, and a trial court has a large discretion as to the form of questions to be pro-

pounded to the witnesses. First Nat. Bank v. Dunbar, 118 Ill. 625. Appellant was asked if he knew from what appellee said whether the casing had been driven to the rock. The objection to this question was properly sustained. It would have been proper to show what appellee said, but the question asked of the witness was a conclusion of fact to be decided by the jury. We have carefully examined the rulings of the court upon the objections where they have been called to our attention, and do not find any error therein.

It is insisted that the giving of plaintiff's second instruction was erroneous, because it did not submit the question whether plaintiff may not have failed to put the casing down as low as it should be put, and whether on that account quick sand may not have come into the well, and rendered the water unfit for use. The instruction states a correct proposition of law, and not directing a verdict, it was not necessary to incorporate into it the theory of defendant, and instruction number six given for defendant fully covered the proposition contended for by appellant. The defendant's ninth and twelfth instructions were properly refused. Defendant in testifying used the expression "got a well of good water" and "got a good well of water" at different times, and then sought to have the court tell the jury that these different expressions used by him meant the same thing. That was the province of the jury and not of the court.

The tenth instruction was properly refused, because defendant had testified "it was customary and he understood he was to furnish coal, board and water as part of the consideration," in addition to the cash.

The eleventh instruction was also properly refused on the ground, that if given, the court would be telling the jury what a witness testified to, and placing a construction upon the language, and it was also liable to confuse the jury.

Upon a careful examination of the numerous errors assigned we are unable to find any reversible error, and the judgment will be affirmed.

*Affirmed.*